■ KELVIN ENGINEERING CO., INC., et al., Respondents, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.— In an action by plaintiffs to recover damages for fraud and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Westchester County, dated February 1, 1960, which denies its motion for summary judgment. The motion was made on the ground that a judgment dismissing the complaint in a prior action is a bar to the maintenance of the present action. Order affirmed, with $10 costs and disbursements. Defendant's predecessor issued a liability policy to the plaintiff corporation and to the plaintiff O'Dowd and his copartner (since deceased), doing business as O'Dowd Engineering Co. (said plaintiffs being hereafter referred to as the plaintiff companies), covering their operations under a contract with the New York City Housing Authority. The policy excluded liability assumed by the plaintiff companies under any contract. An accident occurred during the term of the policy, and the injured person, Eileen M. Winterstein, an infant, and her father (both hereafter referred to as the Wintersteins) brought an action to recover damages, naming, among others, the Housing Authority and the two plaintiff companies as defendants. The Authority cross-claimed against the plaintiff companies on the theory of both common law and contractual indemnity. In that negligence action, judgment for $20,398.95 was entered against the three of them in favor of the Wintersteins and cross judgment for $21,700 was entered in favor of the Housing Authority against the plaintiff companies. The Housing Authority paid the judgment, which, with interest, totaled $21,288.49. Based on the Authority's right of contribution, defendant paid the Authority only $10,644.25, or half of the judgment. Defendant refused to pay the other half on the theory that, since the policy issued by it did not cover contractual liability and since the cross judgment was based on contractual indemnity, its policy did not provide such coverage. After the present plaintiff companies paid the balance of such judgment, an action was brought against defendant to recover the sum so paid, plus attorneys' fees. In such action, judgment was entered dismissing the complaint based on findings that the Housing Authority was guilty of only active negligence, and, therefore, the only basis of recovery by the Authority against these plaintiffs could have been contractual indemnity. (*O'Dowd* v. *American Sur. Co. of N. Y.*, 3 N Y 2d 347; *O'Dowd* v. *American Sur. Co. of N. Y.*, 6·A D 2d 1003, motion for leave to appeal denied, 5 N Y 2d 709, 710.) Thereafter, plaintiffs brought the present action against defendant to recover, *inter alia*, the sums paid by the two plaintiff companies to satisfy the Winterstein judgment, on the theory that: (a) the interests of the plaintiff companies and the interests of the defendant were conflicting as respects the defense of the Housing Authority's cross claim in the Winterstein action; (b) defendant dissuaded the plaintiff companies from engaging their own attorney; (c) the attorney furnished by defendant to defend them in the Winterstein action was the only one who introduced affirmative proof of the Housing Authority's active

negligence; and (d) the introduction of such proof by such attorney was in furtherance of the interests of defendant but contrary to the interests of the plaintiff companies. The only issue tried in the prior action (*O'Dowd* v. *American Sur. Co. of N. Y., supra*) was whether the proof in the Winterstein case showed the Housing Authority guilty of passive negligence, or only of active negligence. The court found that the Authority was guilty only of active negligence. The issues tendered by plaintiffs in the present action, however, are that the attorney furnished by defendant to represent the plaintiff companies in the Winterstein action was the only one who introduced the affirmative proof of the Housing Authority's active negligence, and that in doing so he was motivated by his desire to exonerate defendant from liability on its policy rather than by his duty to said plaintiffs to have the proof show that there was coverage. Defendant's position is that, not its attorney, but the Winterstein attorney and O'Dowd himself established the active negligence of the Authority. The issues now tendered for decision are, therefore, entirely different from the issues tendered in the prior action. Hence, a judgment in plaintiffs' favor here would not nullify or destroy the prior judgment. Under the circumstances, there are presented triable issues of fact, which properly require the denial of summary judgment. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.